**WHITE & CASE**

December 1, 2020

White & Case LLP
1221 Avenue of the Americas
New York, NY 10020-1095
**T** +1 212 819 8200

VIA ECF

whitecase.com

The Honorable George B. Daniels
United States District Court
for the Southern District of New York
500 Pearl Street
New York, NY 10007

Re:   <u>Whitebox Relative Value Partners, LP, et al. v. Transocean Ltd., et al (No. 20-cv-07143)
(GBD) – **Update on Pending Summary Judgment Motion [Dkt. 24]**</u>

Dear Judge Daniels:

We represent Defendants and Counterclaim-Plaintiffs Transocean Ltd. and Transocean Inc.
(together, "Transocean" or the "Company") in the above-captioned action.  We write to provide
an update to the Court on certain issues related to Transocean's Motion for Summary Judgment
[Dkt. 24] (the "Motion").

As this Court is aware, Transocean filed the Motion in response to a putative notice of alleged
default (the "Notice") served on Transocean on September 2, 2020, by Plaintiffs and
Counterclaim-Defendants Whitebox Relative Value Partners, LP, Whitebox GT Fund, LP,
Whitebox Multi-Strategy Partners, LP, Pandora Select Partners, LP and Whitebox Advisors LLC
(collectively, "Counterclaim-Defendants" or "Whitebox").   In the Motion, Transocean
demonstrated that the Notice was without merit because the 2027 Indenture[1] provides Transocean
the right to issue the senior debt in the Exchange Transactions, and the internal reorganization that
facilitated the Exchange Transactions did not involve the sale or disposition of "all or substantially
all" of the Upper Tier Notes Guarantors' assets.  *See, e.g.*, [Dkt. 25 at 2-3]

As previously explained to the Court, even though Whitebox's claim of a default is baseless, it
would create a series of significant problems for the Company if the alleged default was not
resolved by December 1, 2020.  *See, e.g.*, Letter from G. Kurtz dated September 24, 2020 [Dkt.
29].  Specifically, there was a risk the defective notice would turn into a purported (and false)
"Event of Default" under the 2027 Indenture after the expiration of a 90-day cure period on
December 1, 2020, which could, among other things, result in the Company losing access to its
revolving credit facility ("RCF"), which provides the Company with approximately $1.3 billion in
accessible capital to support its business operations and capital requirements.  *Id.*

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Motion.

The Honorable George B. Daniels
December 1, 2020

WHITE & CASE

In light of these circumstances, Transocean filed the Motion at the outset of the case and requested an expedited hearing on the Motion.  Transocean greatly appreciates the Court's accommodations on the Motion, including the scheduling of an expedited oral argument.  Although Transocean is confident that Whitebox's claim of a default is incorrect, given the aggression of Whitebox and the other dissident noteholders that issued the defective Notice, the Company was hesitant to allow the 90-day cure period to lapse without a ruling in its favor or taking other actions to protect its interests and the interests of its stakeholders against Whitebox's meritless allegations.  Accordingly, in conjunction with the Company's previously disclosed discussions with its lenders to preserve the Company's access to liquidity, the Company elected to implement certain internal reorganization transactions to resolve the allegations in the Notice that were completed yesterday.  The transactions were also implemented to resolve the allegations in a separate notice of alleged default issued by some of the same dissident noteholders regarding another series of Transocean notes which is not before the Court.

In connection with these supplemental transactions, the recently-created Lower Tier Notes Guarantors which were the subject of the Notice have been eliminated and, as a result, the Upper Tier Notes Guarantors will continue to directly hold the equity interests of the Asset Holdings Companies, exactly as they did prior to the Exchange Transactions.  Therefore, Whitebox's claim that the Upper Tier Notes Guarantors transferred away the equity in the Asset Holdings Companies to the Lower Tier Notes Guarantors has been cured (even though there was no breach).

While these supplemental transactions have now resolved the alleged default asserted by Whitebox, this Court's resolution of the Motion is still necessary and judicially efficacious.  *First*, the relief requested in the Motion will definitively invalidate the Notice and thereby avoid any dispute with Whitebox or otherwise regarding its purported continued effect notwithstanding the supplemental transactions that Transocean has implemented.

*Second*, Transocean may seek to utilize in the future a similar structure pursuant to the same indenture provisions at issue in the Exchange Transactions, and given the aggressive behavior of the dissident noteholders represented by Whitebox, it is highly likely that another dispute regarding the permissibility of such a structure would arise.  Accordingly, Transocean's resolution of the presently-alleged default does not moot the need for the declaratory relief sought in the Motion.  *See, e.g.*, *15 Moore's Federal Practice – Civil § 101.99*, at 17-18; *Am. Freedom Def. Initiative v. Metro. Transp. Auth.*, 815 F.3d 105, 109 (2d Cir 2016) (case is not moot if there is a reasonable expectation that the alleged violation will recur); *Ciaramella v. Zucker*, 2019 U.S. Dist. LEXIS 169834, *14-15 (S.D.N.Y. Sep. 30, 2019) (same).

*Third*, a decision on the Motion, if in the Company's favor, will be dispositive of the securities claims that are still pending in this action.  Whitebox's securities claims are premised on Whitebox's allegation that Transocean made materially false statements and omissions in connection with the Exchange Transactions because the Company did not disclose that the newly created Lower Tier Notes Guarantors were required to issue guarantees to the 2027 Guaranteed Notes, as Whitebox contends.  As such, a finding by this Court that the Exchange Transactions were permitted under the 2027 Indenture and did not require the Lower Tier Notes Guarantors to

2

WHITE & CASE

The Honorable George B. Daniels
December 1, 2020

guarantee the 2027 Guaranteed Notes would have a conclusive effect on Whitebox's securities claims and effectively resolve the remaining issues in this matter.

***

Transocean reiterates its gratitude for this Court's ongoing attention to this matter, including by holding an expedited hearing on the Motion.  We remain available at the Court's convenience to answer any questions or concerns.

Respectfully submitted,

*/s/ Glenn M. Kurtz*

Glenn M. Kurtz
Partner

**T** +1 212 819 8252
**E** gkurtz@whitecase.com

3