

**ANDREW M. LEBLANC**

*Partner*
1850 K Street N.W., Suite 1100   |   Washington, D.C. 20006
T: 202.835.7574
aleblanc@milbank.com   |   milbank.com

December 2, 2020

VIA ECF

The Honorable George B. Daniels
United States District Court
for the Southern District of New York
500 Pearl Street
New York, NY 10007

Re: <u>Whitebox Relative Value Partners, LP, et al. v. Transocean Ltd., et al. (No. 20-cv-07143) (GBD)</u> – **Response to Transocean's Letter dated December 1, 2020**

Dear Judge Daniels:

We represent Plaintiffs and Counterclaim-Defendants Whitebox Relative Value Partners, LP, Whitebox GT Fund, LP, Whitebox Multi-Strategy Partners, LP, and Pandora Select Partners, LP (collectively, "<u>Plaintiffs</u>") in the above-captioned action.  We write in response to the letter (the "<u>Letter</u>") submitted on December 1, 2020, by Defendants and Counterclaim-Plaintiffs Transocean Ltd. and Transocean Inc. (together, "<u>Defendants</u>") (ECF No. 57).  In the Letter, Defendants assert—without any evidence—that they have now cured their default under the 2027 Indenture[1] by implementing "certain internal reorganization transactions," but that the Court's resolution of the parties' competing motions for summary judgment is "still necessary and judicially efficacious."  For the reasons stated below, Plaintiffs agree that the Court should render a decision on the parties' summary judgment motions.  But that is the extent of the parties' agreement on these issues.

Defendants have unequivocally breached the 2027 Indenture, and their recent actions do not—and cannot—undo that breach.  To the contrary, Defendants' recent actions implicitly

---

[1] Capitalized terms not otherwise defined herein have the meaning given to them in Plaintiffs' Memorandum of Law in Opposition to Defendants' Motion for Summary Judgment and in Support of Plaintiffs' Cross-Motion for Summary Judgment (ECF No. 39).

**MILBANK LLP**

NEW YORK | LOS ANGELES | WASHINGTON, D.C. | SÃO PAULO | FRANKFURT
LONDON | MUNICH | BEIJING | HONG KONG | SEOUL | SINGAPORE | TOKYO

The Honorable George B. Daniels
December 2, 2020                                                                                                   Page 2

concede that they did, in fact, breach the 2027 Indenture, leading them to attempt to take remedial steps in advance of a ruling from this Court.

Strikingly, Defendants' press release announcing their new transaction explicitly confirms—contrary to Defense counsel's repeated assertions at oral argument—that the "assets" of a holding company are the shares of its subsidiaries that it owns, and not the "hard" or "operating" assets that those subsidiaries in turn own, meaning that when the Upper Tier Notes Guarantors transferred their sole assets—equity interests in certain subsidiary entities—they transferred "all" of their assets.  *See* Press Release, Transocean, Transocean Ltd. Announces Amendments to Certain Financing Documents and Internal Reorganization Transactions to Resolve Allegations Contained in Purported Notices of Default (Dec. 1, 2020), http://investor.deepwater.com/news-releases/news-release-details/transocean-ltd-announces-amendments-certain-financing-documents (stating that this new "internal reorganization" consisted of contributions by certain holding entities "***of their respective assets, consisting of equity interest in subsidiaries***, to newly-formed, wholly-owned subsidiaries . . . .").

This definitive admission goes to the heart of the issue in this litigation, and underscores the need for Plaintiffs to obtain a ruling from this Court.

Even accepting, for argument's sake only, that Defendants have cured their default, such that it cannot mature into an Event of Default (which is an issue not presently before this Court), that alleged cure might prevent Plaintiffs from exercising the *remedy* of accelerating the maturity of the 2027 Notes, but the breach remains, and the 2027 Indenture is clear that Plaintiffs are still entitled to pursue any other remedy that they have in law or equity, including damages resulting from Defendants' breach.[2]  Accordingly, a decision by the Court confirming that Defendants breached the 2027 Indenture will have a meaningful impact on Plaintiffs' future breach of contract claims, as well as all other claims arising from Defendants' conduct, which was clearly and unmistakably intended to hinder, delay, and defraud Plaintiffs from recovering amounts owed to them.  Plaintiffs reserve all of their rights with respect to such claims, in law and in equity.

---

[2] The 2027 Indenture is clear that acceleration of the 2027 Notes is not the noteholders' exclusive remedy for a breach of the 2027 Indenture.  *See, e.g.*, 2027 Indenture (ECF No. 28-1) § 6.10 ("Except as otherwise provided with respect to the replacement or payment of mutilated, destroyed, lost or stolen Securities in the last paragraph of Section 2.07, ***no right or remedy herein conferred upon or reserved to the Trustee or to the Holders is intended to be exclusive of any other right or remedy***, and every right and remedy shall, to the extent permitted by law, be cumulative and in addition to every other right and remedy given hereunder or now or hereafter existing at law or in equity or otherwise. The assertion or employment of any right or remedy hereunder, or otherwise, shall not prevent the concurrent assertion or employment of any other appropriate right or remedy.") (emphasis added).

The Honorable George B. Daniels
December 2, 2020                                                                                                         Page 3

      In sum, the recent transactions that Defendants have engaged in have done nothing to resolve the main dispute between the parties, which centers on Defendants' breach of the 2027 Indenture and the consequences of that breach. A decision by the Court on the parties' competing motions for summary judgment will help to resolve this dispute and will result in judicial efficiencies in the above-captioned action and potential actions to come.

                                                     Respectfully submitted,

                                                     */s/ Andrew M. Leblanc*

                                                     Andrew M. Leblanc

cc:      Counsel of Record (by ECF)